UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JONATHAN DOMTAE PERKINS** | **CIVIL ACTION NO. 19-1232** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **OUACHITA CORRECTIONAL CENTER, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff Jonathan Domtae Perkins, a former prisoner at Ouachita Correctional Center ("OCC") proceeding pro se and in forma pauperis, filed the instant proceeding on August 14, 2019, under 42 U.S.C. § 1983. He names the following defendants: OCC, Sheriff Jay Russul, Mrs. Brordway, Captain Cambell, Warden Pat Johnson, Ms. Parker, and Corporal Yardba.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff filed his initial pleading before the United States District Court, Eastern District of Louisiana, claiming that, at OCC, "they" refused to give him "proper nutrients and meds . . . ." [doc. # 1, p. 5]. When he said "something about it," they accused him of attempting to start a riot and then retaliated by placing him in "the hold" or in lockdown. *Id.*

On September 20, 2019, the Eastern District transferred the proceeding to this Court. [doc. # 6]. Plaintiff filed another pleading here, alleging that Warden Pat Johnson, Captain Cambell, and Nurse Parker refused to provide the correct medication for his mental health. [doc.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

# 10, p. 3]. These defendants told him that he did not need medication, and then they placed him in the "hot box." *Id.*

Plaintiff filed a third amended pleading on November 12, 2019. [doc. # 15]. He suggests that, when he sought care for his mental health, Nurse Parker told him to stop coming to jail. *Id.* Plaintiff relayed Parker's response to Warden Johnson and Captain Cambell, and he requested a grievance form; instead of providing a grievance form, they placed him in "lockdown with a man" who had H.I.V. *Id.*

In his first pleadings, Plaintiff seeks $250,000.00, expungement of his record, better food, "a new store," and "a new warden." In his latter pleading, he seeks $250,000.00 and a transfer out of Louisiana. [doc. # 10, p. 4].

## Law and Analysis

### 1. Preliminary Screening

Because Plaintiff is proceeding in forma pauperis, his Complaint is subject to screening under § 1915(e)(2). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead

2

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Injunctive Relief**

Plaintiff seeks better food, "a new store," a "new warden," and a transfer. [doc. #s 1, p. 4; 10, p. 4]. Plaintiff, however, is no longer incarcerated. [doc. # 16]. Thus, the Court should deny his requests for injunctive relief as moot.[2] See *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (determining that an inmate's transfer to a different unit rendered claims for declaratory and injunctive relief moot); *Walters v. Livingston*, 642 F. App'x 416, 418 (5th Cir. 2016) (affirming dismissal of claims as moot because the plaintiff was released from prison); *Smith v. City of Tupelo, Mississippi*, 281 F. App'x 279, 282 (5th Cir. 2008) ("A claim for declaratory and injunctive relief based on conditions of confinement is rendered moot upon the prisoner's release or transfer from the facility."); see also *North Carolina v. Rice*, 404 U.S. 244, 246 (U.S. 1971) ("[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.").

---

[2] Plaintiff does not allege or suggest that there is a reasonable, demonstrable probability that he will be incarcerated again in OCC. See *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

**3. Limitation on Recovery Under 42 U.S.C. § 1997e(e)**

Plaintiff also seeks $250,000.00. [doc. # 10, p. 4]. Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).

Here, Plaintiff does not allege that he suffered a more-than-de-minimis physical injury—or any other injury compensable by monetary relief—because of the defendants' actions (or inaction). He does indicate that he suffered heartburn, [doc. # 15-1, p. 1], but without more this injury is de minimis. See *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that the "physical injury required by § 1997e(e) must be more than de minimus [sic], but need not be significant."); *Herron v. Patrolman No. 1*, 111 F. App'x 710, 713 (5th Cir. 2004) (holding that a "temporary increase of pain . . . is at most a *de minimis* injury that will not support a claim of mental or emotional suffering.").

Accordingly, the Court should deny Plaintiff's request for compensatory damages.

**4. Expungement**

Apparently seeking expungement, Plaintiff asks the Court to "clear" his "background." [doc. # 1, p. 4]. He does not, however, specify which records or what information he seeks to expunge.

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. To reiterate, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662.

Here, even construed liberally in Plaintiff's favor, this request for relief is vague, conclusory, and unconnected to any particular claim. The Court should deny this unadorned request.

Overall, Plaintiff fails to seek any cognizable relief; accordingly, the Court should dismiss Plaintiff's claims.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Jonathan Domtae Perkins' claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the**

**legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

*Douglass v. United Services Automobile Association*, **79 F.3d 1415** (**5th Cir. 1996**).

In Chambers, Monroe, Louisiana, this 2nd day of December, 2019.

_____
Karen L. Hayes
United States Magistrate Judge